UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN AUBREY BURNETTE,<br>        Plaintiff | CIVIL ACTION<br>NO. CV05-1804 |
| VERSUS | |
| U.S. BUREAU OF PRISONS, et al.,<br>        Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court are two motions for injunctive relief filed by Burnette in his Bivens suit[1] against the Bureau of Prisons and several of its employees (Docs. 98, 99).  Burnette is currently confined in FCI-Herlong.

Burnette claims that, while he was confined in USP-Atwater in April 2008, he was celled with two inmates who have Hepatitis C and exposed to their blood, and that the medical staff refuses to acknowledge his requests for tests to see if he has contracted Hepatitis C or some other disease (Doc. 98).  Burnette also complains of other inhumane conditions of confinement in the SHU (segregated housing unit) at USP-Atwater (Doc. 99).  Burnette asks this court to order the Bureau of Prisons to provide medical testing and humane conditions of confinement at Atwater, or to

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971)

transfer him to another prison facility (Docs. 98, 99).

Since Burnette has since been transferred to FCI-Herlong (Doc. 116), his request for injunctive relief at USP-Atwater should be denied as moot.  See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988), citing DeFunis v. Odegaard, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); Savidge v. Fincannon, 836 F.2d 898 (5th Cir. 1988).

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Burnette's motions for injunctive relief should be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND**

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this <u>10th</u> day of June, 2008.

```
                              _____
                              JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE
```