UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


STEVEN AUBREY BURNETTE,                CIVIL ACTION
        Plaintiff                      SECTION "P"
                                       NO. CV05-1804-A
VERSUS

BUREAU OF PRISONS, et al.,             JUDGE DEE D. DRELL
        Defendants                     MAGISTRATE JUDGE JAMES D. KIRK



REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before this court is a complaint filed by plaintiff Steven

Aubrey Burnette ("Burnette") pursuant to Bivens v. Six Unknown

Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91

S.Ct. 1999 (1971),[1] on October 11, 2005, and amended on October 28,

2005 (Doc. 8), November 8, 2005 (Doc. 11), November 9, 2005 (Doc.

12), December 27, 2005 (Doc. 19), and March 28, 2008 (Doc. 76).

The named defendants are the Bureau of Prisons, the United States,

Harley Lappin, Ronald G. Thompson, Robert Tapia, Frederick Menifee,

Dr. Passao, Randy Brandt, Bynum, Mr. Taylor, Stephen Dixon, Diane

Pruett Dixon, B. Bordelon, John Feeney, Elezar, Garcia, Milton B.

---

[1] Bivens defendants are federal officials brought into
federal court for violating the Federal Constitution. Bivens-
type actions may be brought only against federal agents and not
federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114
S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158
F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may
recover damages for any injuries suffered as a result of federal
agents' violations of his constitutional rights. Channer v.
Hall, 112 F.3d 214, 216 (5th Cir. 1997).

White, Henry Bowers, Frederick Jefferson, J.T. Rathman, and Bruce Freas.

Milton White, the United States, and the Bureau of Prisons filed a motion to dismiss the complaint (Doc. 189). <u>Bivens</u>-type actions may be brought only against federal agents and not federal agencies. <u>Martinez v. City of Los Angeles</u>, 141 F.3d 1373, 1383 (9th Cir. 1998). Likewise, <u>Bivens</u> suits against the United States are barred by the doctrine of sovereign immunity.[2] <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Also, <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 72, 122 S.Ct. 515, 522 (2001); <u>Whitley v. Hunt</u>, 158 F.3d 882 885 (5th Cir. 1998). Therefore, the Bureau of Prisons' motion to dismiss should be granted.

White contends his motion to dismiss should be granted because Burnette's claims against him concern Burnette's disciplinary proceedings, and the Fifth Circuit ruled that Burnette's due process claims relating to disciplinary proceedings were deemed abandoned (Doc. 55). Since Burnette's sole claims against Duty Hearing Officer Milton White concern his disciplinary proceedings claims which have already been disposed of (Docs. 1, 19, 31, 55), White's motion to dismiss should be granted.

The District Judge dismissed Burnette's action (Doc. 31). On

---

[2] Burnette has filed a separate Federal Tort Claims Act suit against the United States.

Appeal, the Fifth Circuit Court of Appeals reversed the district court judgment in part, reinstating only Burnette's Burnette's Eighth Amendment conditions of confinement claims (against defendants Bowers, Jefferson, Rathman, and Freas), and Burnette's claims of retaliation (although the appellate court did not specify which defendants the retaliation claim was reinstated against, it appears the only retaliation claim is against Bowers). Although claims have been previously been dismissed by the courts, Burnette's action has never been dismissed against specific individual defendants.

Accordingly, Burnette's action against the Bureau of Prisons, the United States, Harley Lappin, Ronald G. Thompson, Robert Tapia, Frederick Menifee, Dr. Passao, Randy Brandt, Bynum, Mr. Taylor, Stephen Dixon, Diane Pruett Dixon, B. Bordelon, John Feeney, Elezar, Garcia, and Milton B. White should be dismissed with prejudice. The sole remaining defendants are Henry Bowers, Frederick Jefferson, J.T. Rathman, and Bruce Freas.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 189) BE GRANTED.

IT IS FURTHER RECOMMENDED that Burnette's action against the Bureau of Prisons, the United States, Harley Lappin, Ronald G. Thompson, Robert Tapia, Frederick Menifee, Dr. Passao, Randy Brandt, Bynum, Mr. Taylor, Stephen Dixon, Diane Pruett Dixon, B.

Bordelon, John Feeney, Elezar, Garcia, and Milton B. White should be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 9th day of January, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE