UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN AUBREY BURNETTE,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV05-1804 |
| VERSUS | |
| BUREAU OF PRISONS,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to dismiss and for summary judgment (Doc. 234) filed by defendants Henry Bowers, Bruce Freas, Frederick Jefferson, and John Rathman. Plaintiff Steven Aubrey Burnette ("Burnette") filed this complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), on October 11, 2005, and amended on October 28, 2005 (Doc. 8), November 8, 2005 (Doc. 11), November 9, 2005 (Doc. 12), December 27, 2005 (Doc. 19), and March 28, 2008 (Doc. 76). The sole remaining defendants are Bowers, Jefferson, Rathman, and Freas. Defendants are individual employees of the BOP at the United States Penitentiary in Pollock, Louisiana. Burnette, an inmate of the Bureau of Prisons who was confined at USP-Pollock at the time the events alleged in this suit took place, filed this

Bivens suit against defendants alleging Eighth Amendment condition of confinement claims, as well as a retaliation claim against Bowers.

Motion to Dismiss

Defendants contend they are entitled to a dismissal of Burnette's action against them, pursuant to Fed.R.Civ.P. rule 12(b)(1), because this court lacks subject matter jurisdiction over the defendants in their official capacities. However, Burnette has brought this Bivens suit against the defendants in the individual capacities, while he has brought a companion suit pursuant to the Federal Tort Claims Act[1] against the United States for acts of its officers in their official capacities. See Burnette v. Bureau of Prisons, Docket No. 06-1396.

Under Fed.R.Civ.P. rule 12(b)(1), a motion to dismiss should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. Castro v. United States, 560 F.3d 381, 386 (5th Cir. 2009), and cases cited therein. For purposes of this motion, the court must accept as true all of the allegations of the complaint. Saraw Partnership v. United States, 67 F.3d 567, 569 (5th Cir.

---

[1] Through the FTCA, the United States has consented to suits for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment... . 28 U.S.C. § 1346(b)(1). Castro v. United States, 560 F.3d 381 (5th Cir. 2009).

2

1995).

Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997). The purpose of Bivens is to deter individual federal officers from committing constitutional violations. Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 122 S.Ct. 515 (2001).

Burnette has not alleged that he is suing Rathman, Bowers, Freas, or Jefferson in their official capacities. Since this is a Bivens suit, it is clear that by construing the pleadings to allege claims against defendants in their individual capacities, Burnette may prove a plausible set of facts that establish subject-matter jurisdiction. This court will not assume Burnette is suing the defendants in a capacity which is clearly incompatible with the nature of his law suit.

Therefore, defendants' motion to dismiss pursuant to Rule 12(b)(1) is without merit and should be denied.

## Motion for Summary Judgment

Defendants also argue they are entitled to a summary judgment

in their favor because Burnette failed to exhaust his administrative remedies.

1.

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Resort to a prison grievance process must precede resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990. However, the exhaustion requirement imposed by amended § 1997e is not jurisdictional, and thus may be subject to certain defenses such as estoppel, equitable tolling, and waiver. Woodford v. Ngo, 548 U.S. 81, 101, 126 S.Ct. 2378, 2392 (2006); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); Wendell v. Asher, 162 F.3d 887, *890 (5th Cir. 1998). Available administrative remedies are exhausted in compliance with the PLRA when the time limits for the prison's response set forth

4

in the prison grievance procedures have expired. <u>Gates v. Cook</u>, 376 F.3d 323, 332 (5th Cir. 2004), citing <u>Underwood v. Wilson</u>, 151 F.3d 292, 295 (5th Cir. 1998). Also, <u>Mahogany v. Miller</u>, 252 Fed.Appx. 593, 594 (5th Cir. 2007)("the district court assumes that a prisoner's claims have been exhausted when his grievances were not processed within prescribed time limits").

Failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints. <u>Jones v. Bock</u>, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007); <u>Torns v. Mississippi Dept. of Corrections</u>, 301 Fed.Appx. 386, 388 (5th Cir. 2008)("Typically, a defensive pleading asserting the affirmative defense of failure to exhaust is required."). In <u>Carbe v. Lappin</u>, 492 F.3d 325, 327-328 (5th Cir. 2007), the Fifth Circuit stated, ""[Failure to exhaust] is an affirmative defense under the Federal Rules, a defense belonging to the [defendants] that is waived if not asserted. To the extent decisions of this court have suggested otherwise, they did not survive <u>Jones</u>."

Defendants raise the affirmative defense of exhaustion for the first time in a motion for summary judgment. An affirmative defense may be raised on a motion for summary judgment only if that motion is the first pleading responsive to the substance of the allegations. <u>U.S. v. Burzynski Cancer Research Institute</u>, 819 F.2d 1301, 1307 (5th Cir. 1987), cert. den., 484 U.S. 1065, 108 S.Ct.

1026 (1988).  Also, Kerr v. Bluebonnet Sav. Bank, FSB, 39 F.3d 320 (5th Cir. 1994).

In this case, the motion for summary judgment/motion to dismiss is the second responsive pleading filed on behalf of the defendants.  A previous motion to dismiss was filed on behalf of two co-defendants (Doc. 189), and the affirmative defense of lack of exhaustion was not raised at that time.  Therefore, defendants' affirmative defense of exhaustion should be deemed waived and their motion for summary judgment should be denied.

2.

Moreover, defendants' evidence is insufficient to prove a lack of exhaustion.  Defendants have submitted nothing more than a computer-generated list of grievances filed by Burnette (Doc. 234, Ex. B); that list reflects what appears to be the date the grievance was filed and a half sentence summary, entered by a BOP employee, as to the nature of the grievance.  Burnette's grievances were not submitted by defendants.  Also, defendants' submitted an affidavit by Jennifer Hansen, a Senior Attorney-Advisor for the BOP at the Federal Detention Center in Houston, Texas, who states she reviewed Burnette's computerized grievance records and found that Burnette's grievances regarding the Eighth Amendment violations were not filed until May 4, 2005, and were rejected as untimely at every level.

Defendants have not properly supported their motion for

summary judgment.  Burnette's grievances have not been provided by defendants with their motion for summary judgment.  Instead, defendants attempt to prove that Burnette's grievances from the relevant time period did not include complaints as to retaliation and conditions of confinement with the computer-generated list and an affidavit.  Neither a computer-generated list nor an affidavit purporting to establish the contents of those grievances is adequate to prove their content.  See F.R.E. rule 1002.  Also, Railroad Management Co., L.L.C. v. CFS Louisiana Midstream Co., 428 F.3d 214, 218-219 (5th Cir. 2005).

Unsupported allegations are insufficient to either support of defeat a motion for summary judgment.  McCallum Highlands, Ltd. v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), op. revised in other part, 70 F.3d 26 (5th Cir. 1995), citing Galindo v. Precision American Corp., 754 F.2d 1212, 1216 (5th Cir. 1985).  Also, Newkirk v. Keyes Offshore, Inc., 782 F.2d 499, 502 (5th Cir. 1986).  Therefore, even if the defense of lack of exhaustion had been properly raised by defendants, they have not carried their burden of proving Burnette failed to exhaust his administrative remedies in a timely manner.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss and motion for summary judgment (Doc. 234) be DENIED AND DISMISSED WITH PREJUDICE.

7

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 27th day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE